UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL MCKINNON,
              Petitioner

       v.                    No. 19-cv-10163-DLC

WARDEN STEPHEN SPAULDING,

              Respondent.

## ORDER ON PENDING HABEAS MOTIONS

CABELL, U.S.M.J.

### INTRODUCTION

In 2004 petitioner Michael McKinnon was convicted following a federal jury trial in the Middle District of Pennsylvania on charges of drug trafficking and firearms possession among others. *United States v. McKinnon*, No. 1:03-cr-00251-SHR (M.D. Pa. filed Sept. 17, 2003) (Trial Court Docket). McKinnon was sentenced to a 40-year term of imprisonment and is currently serving his sentence at the Federal Medical Center Devens, located in this district.

McKinnon seeks relief from his sentence through a *pro se* habeas petition filed pursuant to 28 U.S.C. § 2241. Although not entirely clear, McKinnon appears to seek to vacate his conviction for possession of a firearm in connection with a drug trafficking

offense in violation of 18 U.S.C. § 924(c), and to have his sentence lowered. (D. 1, 12). The government opposes the petition and cross-moves to dismiss *inter alia* on the ground that the court does not have jurisdiction to consider what is, properly understood, an unauthorized § 2255 motion, and one that must moreover be pursued in the Middle District of Pennsylvania.[1] (D. 19). Having reviewed the petition (as amended), the opposition, and the facts regarding the underlying case in Pennsylvania, the court agrees that it lacks jurisdiction over the present petition. The petitioner's motion therefore is DENIED and the government's motion to dismiss is ALLOWED.

**McKINNON'S CONVICTION**

McKinnon's prosecution is discussed extensively in the Pennsylvania trial court's memorandum on his post-trial motions. *See United States v. McKinnon*, No. 1:CR-03-251-05, 2005 WL 2035227 (M.D. Pa. July 26, 2005). In summary, McKinnon was indicted in September 2003 for offenses related to his involvement in drug trafficking and in a company called Cars on Credit, Inc. He was charged with the following: Count One, distribution and possession

---

[1] 28 U.S.C. §§ 2241 and 2255 each create mechanisms for a federal prisoner to challenge his detention. Generally, § 2255 is the appropriate vehicle to challenge the *imposition* of a sentence and § 2241 by contrast is the proper means to challenge the *execution* of a sentence. *See Gonzalez v. United States*, 150 F. Supp. 2d 236, 241 (D. Mass. 2001). Section 2255 requires a collateral attack on the sentence to be presented to the sentencing court. *See Rogers v. United States*, 180 F.3d 349, 357 & n.15 (1st Cir. 1999).

with intent to distribute controlled substances; Count Two, conspiracy to distribute and possess with intent to distribute controlled substances; Count Three, conspiracy to launder proceeds of the distribution of controlled substances; Count Four, possession and use of firearms during and in relation to a drug trafficking crime; Count Five, assault on a federal officer; and Count Six, criminal forfeiture. *Id.* at *1.

Following a September 2004 trial, a jury convicted McKinnon on all counts except for Count Five, and the court later granted an acquittal on Count Two. *Id.* at *1, 5-7. With respect to the counts of conviction, the jury found on Count One that McKinnon distributed or possessed with intent to distribute 1.5 kilograms or more of crack cocaine, 500 grams of more of cocaine hydrochloride, and 100 kilograms or more of marijuana. Based upon these amounts, the jury further found beyond a reasonable doubt that a sentencing enhancement applied. On Count Four, the jury made special findings that McKinnon had possessed a deadly weapon, obstructed justice, and recklessly created a substantial risk of injury or death in the course of fleeing law enforcement. *Id.* at *1.

McKinnon's sentencing guidelines range was life imprisonment but the court departed downward from the guidelines and sentenced him to 40 years' imprisonment. (Trial Court Docket, No. 563).

The Third Circuit Court of Appeals affirmed McKinnon's conviction and sentence on appeal. *United States v. McKinnon*, 301 F. App'x 117 (3d Cir. 2008).

**McKINNON'S PRIOR § 2255 PETITIONS**

McKinnon subsequently sought habeas relief in the Middle District of Pennsylvania under § 2255 on at least three occasions.

First, in June 2010 McKinnon filed a petition to vacate or set aside his sentence based on ineffective assistance of counsel and alleged errors by the trial judge. (Trial Court Docket, No. 668). The court dismissed the petition in its entirety and denied McKinnon a certificate of appealability. (Id., No. 703). McKinnon nonetheless attempted to appeal the dismissal but the Third Circuit denied his request for a certificate. (Id., No. 714).

Then, in 2012 and 2017, McKinnon filed applications with the Third Circuit for leave to file a second or subsequent § 2255 petition but the Third Circuit denied both applications.

In his 2017 application, McKinnon contended that *Rosemond v. United States*, 572 U.S. 65 (2014) applied retroactively and invalidated his firearms conviction. In *Rosemond*, the Supreme Court determined that to establish aiding and abetting under § 924(c), the government must prove that the defendant had advance knowledge that a gun would be used and decided thereafter to join or continue the underlying offense. The Third Circuit rejected

4

this contention because "*Rosemond* did not announce a new rule of constitutional law," and because McKinnon in any event was convicted on a theory of actual possession rather than aiding and abetting, rendering *Rosemond* inapplicable. *In re McKinnon*, C.A. No. 17-2611 (3d Cir. 2017).

**<u>MCKINNON'S PRESENT § 2241 PETITION</u>**

Construed liberally, McKinnon's current petition alleges five claims:

1. The amounts of each specific drug involved in his conviction were not found beyond a reasonable doubt;

2. The trial judge sentenced him on what the judge believed he "really" did, as opposed to what was proven at trial;

3. He is innocent of the firearms charge because (a) he was found guilty as an aider and abettor but the jury was not instructed to find that he participated in each and every element of the offense; and (b) the jury did not connect the firearms charge to a particular predicate offense;

4. He is innocent of the Count One distribution and possession with intent to distribute charge because the government failed to prove that he ever distributed or possessed 1.5 kilograms of crack cocaine at any one time, as was necessary to attribute 1.5 kilograms to him; and

5. He is entitled to a sentence reduction under the First Step Act of 2018.

McKinnon styles his petition as one under § 2241. On its face, § 2241 would appear to be inapplicable where McKinnon attacks the imposition of his sentence rather than its execution, and such challenges should be brought under § 2255 in the sentencing court.

5

*See Rogers*, 180 F.3d at 357 & n.15. However, § 2255 contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition in the district where he is being held if the remedy under § 2225 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). According to McKinnon, "[t]he savings clause must apply when, as here, a prisoner was sentenced above the statutory maximum but is procedurally barred from raising this issue under § 2255."

However, a petition under § 2255 is not "inadequate or ineffective" simply because the petitioner has been denied permission to bring successive § 2255 claims. *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999). Rather, § 2241 is available via the savings clause of § 2255(e) only when a petitioner "makes a 'credible allegation of actual innocence,'" *see Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008), or "when the Supreme Court has reversed the holdings of the circuit courts regarding the meaning of a statute, and the petitioner is no longer guilty of a crime under the Supreme Court's new interpretation." *Sustache-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000). "[A]bsent these two circumstances,... a petitioner cannot rely on the savings clause to raise a claim that otherwise would be barred by the provisions of § 2255." *Barrett*, 178 F.3d at 50-52. Applying this standard here, McKinnon's § 2241

petition fails summarily because it does not assert a credible allegation of actual innoncence or implicate a Supreme Court decision retroactively affecting the validity of any count of conviction.

First, while the petitioner does argue that he is actually innocent of the charges of possession with intent to distribute (Count One) and possession of a firearm in furtherance of a drug trafficking offense (Count Four), neither claim is *credible* on these facts. Regarding Count One, McKinnon argues in reliance on *United States v. Rowe*, 919 F.3d 752 (3d Cir. 2019) that the government did not prove that he ever possessed or distributed 1.5 kilograms of crack cocaine in a single transaction. In *Rowe*, the Third Circuit vacated a defendant's conviction for possession and distribution of 1,000 grams of heroin because the evidence did not give rise to a reasonable inference that the defendant distributed 1,000 grams in a single transaction or had control over 1,000 grams at any one time. *Id*. at 759-62. But to the extent that McKinnon does not appear here to dispute that he at a minimum *possessed with the intent to distribute* all of the drugs attributed to him through the jury's special findings, it is not clear that *Rowe* would provide him any sentencing relief even assuming McKinnon did not distribute all of those drugs in a single transaction. Regardless, where the court has nothing to go on from the

7

underlying record except for the piecemeal excerpts from documents McKinnon has chosen to submit, the court has no basis to consider whether McKinnon's allegation of innocence is credible. Regarding Count Four, the petitioner argues that the jury did not link the firearm to a specific predicate drug trafficking offense, noting that he was convicted of two drug offenses, trafficking (Count One) as well as conspiracy (Count Two). This claim does not merit serious attention where the Presentence Report showed that the petitioner revealed to a prospective customer a duffel bag filled with marijuana and a handgun, and in another instance "had a firearm partially concealed under his leg" during a drug transaction, strongly suggesting that the jury almost surely concluded that McKinnon possessed a firearm in connection with his actual trafficking. (D. 13-1, pg. 11, 14-15). Again, though, where McKinnon has submitted insufficient information from the record to evaluate this claim, there is no basis to deem it credible.

Second, the petitioner cannot show that any intervening Supreme Court precedent has reversed the holding of any pertinent precedent underlying any of the counts of conviction. McKinnon does assert that the Supreme Court's decision in *Rosemond* requires reversal of his firearms conviction but the Third Circuit has already considered and rejected this argument. As that court

8

found, and as this court agrees, *Rosemond* is inapplicable because the Court did not announce a new rule of constitutional law and McKinnon's firearms conviction was in any event based on actual possession rather than an aiding and abetting theory.

To be sure, McKinnon also petitions for a sentence reduction under the First Step Act, a matter he clearly could not have pursued before the law was enacted in 2018. However, the proper vehicle for seeking relief under the First Step Act is not through a petition for writ but rather through a motion to reduce the sentence pursuant to 18 U.S.C. § 3582(c). The Pennsylvania docket reveals that McKinnon has in fact filed such a motion, with the assistance of appointed counsel at that, and the motion is presently pending. There is thus no need to take action on this request where McKinnon has a mechanism to seek sentencing relief and has in fact availed himself of it.

In sum, McKinnon fails to assert a credible claim of actual innocence or to identify an intervening new rule made retroactive on collateral review. Consequently, he cannot avail himself of § 2255(e)'s savings clause and the present petition is therefore nothing more than an unauthorized successive § 2255 motion. The court in such an instance has two options. *Trenkler*, 536 F.3d at 98. It can either dismiss the motion or transfer it to the Third Circuit. *Id.*; see 28 U.S.C. § 1631. Here, a dismissal for lack of

9

jurisdiction is appropriate. The petitioner filed the motion without authorization from the Third Circuit and a dismissal will appropriately unclutter the docket and allow the petitioner to focus his efforts on his pending motion for a reduction of sentence. Dismissing the present petition will also give the petitioner time to assess whether he wishes to petition the Third Circuit "for permission to proceed and, if so, to present directly to the [Third] Circuit the bases for his request." *Jones v. United States*, Case Nos. 2:09-CR-00068-GZS, 2:13-cv-00370-GZS, 2017 WL 5128752, at *2 (D. Me. Nov. 6, 2017) (dismissing second section 2255 motion rather than transferring to First Circuit), report and recommendation adopted, Nos. 2:09-CR-00068-GZS, 2:13-cv-00370-GZS, 2017 WL 6624026 (D. Me. Dec. 28, 2017), appeal denied, No. 18-1118 (Aug. 15, 2019).

**CONCLUSION**

For the foregoing reasons: the Petition for Writ of Habeas Corpus (D. 1, 12) is DENIED; the Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 And 2255(e) (D. 19) is GRANTED; and the petition is accordingly DISMISSED for lack of jurisdiction. The court DENIES a certificate of appealability because the petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**                                  /s/ Donald L. Cabell
                                                 DONALD L. CABELL, U.S.M.J.

DATED:  March 13, 2020